IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| METALLIA USA, LLC,<br>Plaintiff,<br><br>v.<br><br>M/V HELENE SELMER,<br>*in rem,* her engines, tackle, boilers, etc.<br><br>WEHR BULKCARRIERS<br>GMBH & CO. KG; OSKAR WEHR<br>KG GMBH & CO.; AND<br>DAEWOO LOGISTICS CORP.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§  C.A. No. _____<br>§  In Admiralty<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

1. Plaintiff, Metallia USA, LLC, (hereinafter "Metallia"), by its attorneys, Hill Rivkins LLP, complaining of the M/V Helene Selmer, *in rem,* Wehr Bulkcarriers GmbH & CO. KG ("WBG"), Oskar Wehr KG (GmbH & Co), ("OWKG"), and Daewoo Logistics Corp. ("Daewoo") (collectively "Defendants"), alleges upon information and belief:

### A.

2. This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or it is brought pursuant to 9 U.S.C.A. § 8, for preservation of *in rem* security for arbitration.

### B.

3. At and during all the times hereinafter mentioned, Metallia was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Metallia had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4. At and during all the times hereinafter mentioned, WBG, OWKG and Daewoo had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court, or another U.S. court of competent jurisdiction, during the pendency of this action. Plaintiff requests that this court permit later service of the *in rem* aspect of this case, awaiting this foreign vessel's return to the United States for service of *in rem* process.

**D.**

5. On or about May 11, 2013, at the port of Kaohsiung, Taiwan, the M/V HELENE SELMER and defendants WBG, OWKG and Daewoo received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants WBG, OWKG and Daewoo accepted and agreed to transport for certain consideration to the Port of New Orleans, Louisiana.

**E.**

6. During the pendency of the M/V HELENE SELMER's voyage to the United States from Kaohsiung, Taiwan, defendants deviated from their agreed voyage routing and discharged the cargo in question at the Port of Houston, Texas. This deviation was accomplished without the permission and consent of the Plaintiff and constituted an unreasonable deviation within the meaning of U.S. Admiralty law. To the extent that such unreasonable deviation caused or contributed to the loss at issue, Plaintiff prays for remedies associated with the deviation law of the United States Admiralty and Maritime law.

**F.**

7. Thereafter, the vessel arrived at the Port of Houston, where the cargo was found short delivered, contaminated by seawater or other aggressive chemical substance, and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants WBG, OWKG and Daewoo breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

**G.**

8. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailees as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**H.**

9. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**I.**

10. Plaintiff has duly performed all duties and obligations on its part to be performed.

**J.**

11. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of

SIXTY THOUSAND SEVEN HUNDRED THREE AND 32/100 DOLLARS ($60,703.32) for which Plaintiff demands recovery from all defendants, jointly and severally.

### K.

12. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That the remedies associated with the deviation law of the United States Admiralty and Maritime law be applied to this case, and that relief be granted consistent with that law;

2. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

5. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*[signature]*

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
ALEJANDRO MENDEX-ROMAN
SDTX I.D. No.: 2295449
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:(713) 222-1515
Direct Line:  (713) 457-2287
Facsimile:(713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: amendez@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF
METALLIA USA, LLC**

## VERIFICATION

THE STATE OF TEXAS   *
                            *
COUNTY OF HARRIS   *

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 1st day of July, 2013.

Notary Public, State of Texas
My Commission Expires: 3/26/16

ROSA LANDIN
Notary Public, State of Texas
My Commission Expires
March 26, 2016

6

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **Metallia USA, LLC**, was and still is a company organized under the laws of the State of New Jersey with its principle place of business in Fort Lee, NJ.

Defendant, **M/V HELENE SELMER**, is a bulk cargo vessel sailing under the flag of The Marshall Islands. The vessel was built in 2005 with a gross tonnage of 31,218 metric tons. Its IMO number is 9290878.

Defendant, **WEHR BULKCARRIERS GMBH & CO. KG**, the registered owner of the M/V HELENE SELMER, was and still is a German corporation, or similar legal entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a Texas designated agent on whom service may be made, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices, at:

Am Kaiserkai 13, 20457
Hamburg, Germany.

Defendant, **Oskar Wehr KG (GmbH & Co)**, the ISM and ship Manager of the M/V HELENE SELMER, was and still is a German corporation, or similar legal entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a Texas designated agent on whom service may be made, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices, at:

Am Kaiserkai 13, 20457
Hamburg, Germany

Defendant, **Daewoo Logistics Corp.**, the M/V HELENE SELMER's charterer, was and still is a South Korean corporation, or similar legal entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices, at:

17th Floor, Daewoo Foundation Building 526,
5-GA Namdaemunno Chung-Gu,
Seoul, Chung-Gu, 100-753, South Korea.

7

## DESCRIPTION OF SHIPMENT

Vessel: M/V HELENE SELMER

Date of Shipment: May 11, 2013

Dates of Discharge: July 14-18, 2013

Port of Shipment: Kaohsiung, Taiwan

Agreed Port of Discharge: New Orleans, LA

Actual Port of Discharge: Houston, Texas

Shipper: China Steel Corporation

Consignee/Notify Party: Metallia USC LLC

Description of Shipment: Steel Coils

Nature of Loss or Damage: Physical, seawater, chemical contamination, and rust damage

Amount: $60,703.32